**Honorable Ricardo S. Martinez**

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

11  LAVERA SKIN CARE NORTH AMERICA,     Nr. 2:13-cv-02311-RSM
    INC., eine Gesellschaft aus Washington; und
12  VICTOR TANG, eine natürliche Person,         **ERKLÄRUNG VON THOMAS HAASE ZUR**
                                                 **UNTERSTÜTZUNG DES**
13              Kläger,                          **KLAGABWEISUNGSANTRAGS DER**
                                                 **BEKLAGTEN**
14       v.

15                                               **[A CERTIFIED ENGLISH TRANSLATION**
    LAVERANA GMBH & CO. KG, eine                 **OF THIS DECLARATION IS ATTACHED**
16  deutsche Kommanditgesellschaft,              **AS EXHIBIT 1]**

17              Beklagte.

18
19
20
21
22
23
24
25
26

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

# ERKLÄRUNG VON THOMAS HAASE

Ich, Thomas Haase, erkläre hiermit Folgendes:

1. Die hierin gemachten Aussagen beruhen auf meinen persönlichen Kenntnissen und, falls dazu aufgefordert, würde ich hierzu unter Eid aussagen. Ich habe die Klagschrift in der oben bezeichneten Angelegenheit (die „Klagschrift") gelesen und mir sind die darin enthaltenen Behauptungen bekannt. Ich gebe diese Erklärung zur Unterstützung des Klagabweisungsantrags der Beklagten Laverana GmbH & Co. KG („Laverana") aufgrund von *Forum Non Conveniens* und mangelnder personenbezogener Gerichtsbarkeit ab.

### A. Hintergrund zu Laverana

2. Ich bin letztlich der alleinige Gesellschafter von Laverana. Ich bin deutscher Staatsbürger und wohnhaft in Hannover, Deutschland. Ich habe mein ganzes Leben lang in Deutschland in Niedersachen gelebt.

3. Laverana ist eine deutsche Kommanditgesellschaft, die in der Entwicklung, Produktion und dem Verkauf von Naturkosmetika tätig ist. Der Hauptverwaltungssitz, der eingetragene Geschäftssitz und der Hauptgeschäftssitz von Laverana befinden sich in Wennigsen, Deutschland. Ohne Verzicht auf etwaige andere bestehende Einwendungen erkennt Laverana hiermit an und stimmt ausdrücklich zu, dass sie der Gerichtsbarkeit von und Klagezustellung in Deutschland unterliegt, falls es hinsichtlich der in der Klagschrift behaupteten Ansprüche und Transaktionen diesbezüglich zu einem Hinderungsgrund kommt.

4. Laverana hat keinerlei operatives Geschäft in Washington oder an irgendeinem anderen Ort der Vereinigten Staaten. Laverana verfügt weder über ein Büro, eine Adresse, eine Telefonnummer, Bankkonten, Mitarbeiter, leitende Angestellte oder Direktoren in Washington noch an irgendeinem anderen Ort der Vereinigten Staaten.

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

1

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

|HH\1118282.6||

5. Laverana ist nicht registriert, um in Washington oder an irgendeinem anderen Ort der Vereinigten Staaten Geschäfte zu betreiben, und besitzt keine Lizenz zur Geschäftsausübung in Washington oder an irgendeinem anderen Ort der Vereinigten Staaten.

6. Laverana hat keinerlei Dienstleistungsvertretung in Washington oder an irgendeinem anderen Ort der Vereinigten Staaten.  Laverana hat keinerlei Klage gegen natürliche Personen oder Gesellschaften an einem Gericht in Washington oder an einem anderen bundesstaatlichen oder einzelstaatlichen Gericht der Vereinigten Staaten eingereicht.  Laverana hat noch nie von der Gerichtsbarkeit irgendeines Gerichts in Washington oder an irgendeinem anderen Ort der Vereinigten Staaten Gebrauch gemacht.  Laverana wurde nie zuvor weder der Gerichtsbarkeit eines Gerichts in Washington noch eines anderen bundesstaatlichen oder einzelstaatlichen Gerichts der Vereinigten Staaten als zugehörig erachtet.

7. Wie oben angeführt, bin ich letztlich der alleinige Eigentümer von Laverana und habe keinerlei Vermögen, Bankkonten, Büros, Adressen, Telefonnummern oder Beschäftigte in Washington oder an irgendeinem anderen Ort in den Vereinigten Staaten.

8. Juristisch betrachtet ist meine Frau Claudia Haase eine unbeschränkt haftende Gesellschafterin („*Komplementär*") von Laverana, ohne wirtschaftlich beteiligt zu sein. Weiterer Komplementär von Laverana ist die deutsche Gesellschaft Haase Verwaltungs GmbH. Beschränkt haftender Gesellschafter („*Kommanditist*") von Laverana ist die deutsche Gesellschaft Laboratorium für natürliche Körperpflegemittel Krystyna Chernes-Haase GmbH & Co. KG. Ich bin der alleinige Kommanditist dieser Gesellschaft und der alleinige Gesellschafter der Haase Verwaltungs GmbH (welche zudem der alleinige Komplementär der Gesellschaft Laboratorium für natürliche Körperpflegemittel Krystyna Chernes-Haase GmbH & Co. KG ist). Sämtliche Gesellschafter von Laverana sind deutsche Staatsbürger oder Gesellschaften. Die deutsche Staatsbürgerin Klara Ahlers ist die Geschäftsführerin der Haase Verwaltungs GmbH. Keine dieser natürlichen Personen oder Gesellschaften hat Vermögen, Bankkonten, Büros,

HAASE-ERKLÄRUNG  
NR. 2:13-CV-02311-RSM

2

LATHAM & WATKINS LLP  
505 MONTGOMERY ST. STE. 2000  
SAN FRANCISCO, CA 94111  
(415) 391-0600

|HH\1118282.6||

Adressen, Telefonnummern, Beschäftigte, leitende Angestellte oder Direktoren in den Vereinigten Staaten.

9. Weder ich selbst, noch Frau Ahlers waren jemals im Staat Washington.

10. Weder ich selbst, noch Frau Haase noch Frau Ahlers waren seit dem Zeitpunkt der Unterzeichnung der derzeitigen Vertriebsverträge im Jahr 2008 jemals in den Vereinigten Staaten. Frau Ahlers war tatsächlich noch nie in den Vereinigten Staaten. Ich habe die Vereinigten Staaten zuletzt im Jahr 2002 besucht, und Frau Haase war zuletzt im Jahr 1998 in die Vereinigten Staaten auf Urlaub.

11. Frau Haase, Frau Ahlers und ich sprechen lediglich Deutsch fließend. Wir verfügen zwar über englische Grundkenntnisse, würden jedoch Dolmetscher und Übersetzer benötigen, um einem Gerichtsverfahren auf Englisch beizuwohnen. Eine wahrheitsgetreue und korrekte Kopie einer bescheinigten Übersetzung meiner Erklärung ins Englische ist hierin als Anhang 1 beigefügt.

**B. Vertriebsverträge mit Lavera Skin Care North America**

12. Kläger Lavera Skin Care North America („LSC") wurde meines Wissens nach von Ulrike Jacob und Andreas Dewor gegründet. Ich traf Frau Jacob und Herrn Dewor erstmals in der zweiten Hälfte der 1990er Jahre in Deutschland, nach Angaben von Frau Jacob waren sie zu diesem Zeitpunkt verheiratet. Sie wandten sich seinerzeit an Laverana wegen eines möglichen Vertriebsgeschäfts für Laverana-Produkte.

13. Mir wurde mitgeteilt und ich bin der Ansicht, dass Frau Jacob und Herr Dewor zum Zeitpunkt unseres Zusammentreffens deutsche Staatsbürger waren.

14. Auf der Grundlage meiner Gespräche mit Frau Jacob und Herrn Dewor weiß ich, dass beide fließend Deutsch sprechen. Mir wurde mitgeteilt und ich bin der Ansicht, dass Frau Jacob regelmäßig nach Deutschland reist. Ich habe Frau Jacob häufig in Deutschland getroffen, zuletzt im Februar 2013 bei einer Messe in Nürnberg in Deutschland.

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

3

LATHAM & WATKINS LLP
505 MONTGOMERY ST, STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

|HH\1118282.6||

15. Von Ende der 1990er Jahre ab verkauften Frau Jacob und Herr Dewor einige Jahre lang Laverana-Produkte von Deutschland aus an den US-amerikanischen Markt. Später, irgendwann zwischen 2000 und 2008, verlagerten Frau Jakob und/oder Herr Dewor ihre Geschäftätigkeit in die Vereinigten Staaten.

16. Soweit ich mich erinnere, teilte Frau Jacob mit, dass sie im Jahr 2009 den Kläger Victor Tang heiratete, der leitender Angestellter bei LSC sein soll.

C. **Vertriebsverträge zwischen Laverana und LSC**

17. Im Jahr 2008 schlossen Laverana und LSC die Vertriebsverträge, die Gegenstand dieser Klage sind, die LSC den Vertrieb von Laverana-Produkten in den Vereinigten Staaten und Kanada (gemeinsam die „Vertriebsverträge") ermöglichten. Eine wahrheitsgetreue und korrekte Kopie des US-amerikanischen Vertriebsvertrags ist hier als Anhang 2 beigefügt. Eine wahrheitsgetreue und korrekte Kopie des kanadischen Vertriebsvertrags ist hier als Anhang 3 beigefügt.

18. Die Vertriebsverträge wurden in Deutschland verhandelt, entworfen und unterschrieben, und die Korrespondenz bezüglich der Verträge erfolgte in erster Linie auf Deutsch. Keine Verhandlungen haben in Washington oder an irgendeinem anderen Ort der Vereinigten Staaten stattgefunden und weder Laverana noch seine gesetzlichen Vertreter waren während dieses Verfahrens jemals in den Vereinigten Staaten.

19. Die Vertriebsverträge wurden von für LSC ausweislich der Unterschriftenzeile in Hamburg, Deutschland, unterzeichnet. Ich unterzeichnete die Vertriebsverträge für Laverana im deutschen Wennigsen, einem kleinen Dorf außerhalb von Hannover.

20. Die Vertriebsverträge gewährten LSC das Recht auf den Verkauf (samt Marketing) von Laverana-Produkten in den Vereinigten Staaten und Kanada. LSC betrieb jedoch nach Erwerb der Produkte seine eigenen Geschäfte damit. LSC war allein verantwortlich für die Versicherung und den Transport aller Waren „Ab Werk" aus Deutschland, was bedeutet, dass

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

4

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

|HH\1118282.6||

Laveranas Lieferverpflichtungen mit der Übergabe an LSC am Geschäftssitz von Laverana in Deutschland endeten. Laverana besaß keinerlei Kontrolle darüber, wo und zu welchem Zeitpunkt LSC die Produkte verkaufte.

21.  Die Vertriebsverträge enthielten eine Gerichtswahlklausel, in der es heißt "Gerichtsstand ist Hannover, Deutschland". Dies war und ist eine sehr wichtige Bestimmung für Laverana, und ich hätte den Vertrag nicht abgeschlossen ohne eine Gerichtswahlklausel mit einem deutschen Gerichtsstand. Mir sind keinerlei Einwände seitens LSC im Rahmen der Verhandlungen über die Vertriebsverträge gegen die Gerichtswahlklausel bekannt.

22.  In den Vertriebsverträgen ist auch mit Ausnahme des Kollisionsrechts und der Regeln des internationalen Privatrechts angeführt, dass „deutsches Recht gilt". Der Vertrag wurde auf Deutsch und Englisch entworfen, wobei jedoch hinzugefügt wurde, dass „die deutsche Fassung verbindlich" ist. Diese Bestimmungen waren und sind ebenfalls sehr wichtig für Laverana, und ich hätte die Verträge nicht ohne sie unterzeichnet. Mir ist nicht bekannt, dass LSC im Laufe der Verhandlungen über die Vertriebsverträge jemals Einwände gegen diese Bestimmungen vorgebracht hätte.

23.  Fast alle Zahlungen gemäß den Vertriebsverträgen erfolgten in Euro und alle Währungsverweise bezogen sich auf Euro.

**D.    Vorbemühungen zur Lösung von Konflikten**

24.  Vor der Kündigung der Vertriebsverträge führten Laverana und LSC Gespräche unter anderem hinsichtlich der unterlassenen Leistungserfüllung gemäß der Vertriebsverträge seitens LSC. Die in Zusammenhang mit diesen Unstimmigkeiten geführte Korrespondenz erfolgte in erster Linie auf Deutsch.

25.  LSC wurde im Laufe dieser Gespräche von einem deutschen Rechtsberater vertreten, und zwar für eine gewisse Zeit durch Herrn Matthias Stecher von der deutschen Anwaltskanzlei Beiten Burkhardt Rechtsanwaltsgesellschaft mbH mit Sitz in München.

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

5

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

||HH\1118282.6||

Ansonsten aber durch Jana-Natascha Garisch, eine Anwältin der Anwaltskanzlei Alpers & Stenger LLP, in der Folge Stenger LLP. Meiner Kenntnis und Ansicht nach haben weder Alpers & Stenger LLP noch Stenger LLP noch die Beiten Burkhardt Rechtsanwaltsgesellschaft mbH Vertretungen in den Vereinigten Staaten.

26. Seit September 2011 wird Laverana von Dr. Björn-Axel Dissars von der Anwaltskanzlei Latham & Watkins LLP aus deren Hamburger Büro aus vertreten, und zwar in Angelegenheiten in Zusammenhang mit den Geschäften von Laverana in Deutschland sowie anderen Angelegenheiten nach deutschem Recht. Zum selben Zeitpunkt begann Herr Dissars Laverana mit seiner Beratungstätigkeit bezüglich der Vertriebsverträge zu unterstützen.

27. Im Rahmen der Verhandlungen über die Vertriebsverträge nahmen LSC und Laverana an Mediations- und Vergleichsverhandlungen bezüglich der in der Klagschrift behaupteten Vorfälle teil. Das Mediationsverfahren wurde seitens LSC durch Schreiben vom 11. März 2013 beendet. Der Mediator Dr. Andreas Hacke, deutscher Staatsbürger und nach deutschem Recht zugelassener Anwalt der deutschen Anwaltskanzlei Zwanzig Hacke Meilke & Partner, informierte Laverana mit deutschsprachiger e-mail, dass ungeachtet zahlreicher Mahnungen (schriftlich wie mündlich) und auch nachdem er die Anwältin von LSC, Frau Garisch, vergeblich kontaktiert habe, LSC die Schlussrechnung über EUR 6.562,50 nicht bezahlt habe. In seiner e-mail bat er Laverana diese Schlussrechnung zu bezahlen, da Laverana und LSC Gesamtschuldner unter der Mediationsvereinbarung seien. Laverana hat die entsprechende Zahlung an den Mediator getätigt.

28. Am 27. März 2013 kündigte Laverana LSC die Vertriebsverträge aufgrund der Nichterfüllung des Vertrags seitens LSC. Dieses Schreiben wurde vom Hamburger Büro von Latham & Watkins LLP verfasst und durch mich in Deutschland unterschrieben. Eine wahrheitsgetreue und korrekte Kopie des von mir im Namen von Laverana gesendeten Schreibens ist als Anhang 4 beigefügt.

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

6

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

|HH\1118282.6||

29. Als reine Vorsichtsmaßnahme und angesichts der Behauptung von LSC, die Kündigung sei unzulässig, übermittelte Laverana (entweder selbst oder in ihrem Namen durch das Hamburger Büro von Latham & Watkins LLP) weitere schriftliche Kündigungen der Vertriebsverträge, und zwar am 30. April 2013, am 21. Juni 2013 und am 17. Januar 2014 auf Grundlage des Auftretens weiterer Gründe für eine Kündigung *aus wichtigem Grund*. Sämtliche Schreiben wurden auf Deutsch verfasst (nur der Satz, dass die Vertriebsverträge hilfsweise gekündigt werden, wurde ins Englische übersetzt) und in Deutschland unterzeichnet.

E. **Ort des Nachweises, der für den Konflikt relevant ist**

30. Die Verteidigung im Rahmen eines Gerichtsverfahrens in den Vereinigten Staaten wäre für Laverana sehr mühsam. Sämtliche in Zusammenhang mit Laverana stehenden Zeugen und von Laverana aufbewahrte Dokumente befinden sich in Deutschland.

31. Sämtliche im Besitz von Laverana befindlichen dokumentierten Nachweise zu den Vertriebsverträgen befinden sich in Deutschland und sind hauptsächlich auf Deutsch verfasst. So befinden sich beispielsweise alle Unterlagen von Laverana, die in Zusammenhang mit der Verhandlung, Ausführung, Erfüllung und Kündigung der Vertriebsverträge stehen, in Deutschland und fast alle Dokumentation dazu ist in deutscher Sprache abgefasst. Sämtliche Unterlagen von Laverana zu Kaufaufträgen, Rechnungen und Verrechnungsangelegenheiten in Zusammenhang mit LSC befinden sich in Deutschland; manche dieser Dokumente sind zwar auf Englisch oder beinhalten englische Übersetzungen, die meisten sind aber auf Deutsch. Sämtliche Dokumente in Zusammenhang mit der Entscheidung von Laverana zur Beibehaltung oder Einstellung von Produktreihen befinden sich in Deutschland, und der Großteil dieser Dokumente ist ausschließlich in deutscher Sprache abgefasst.

32. Frau Haase, Frau Ahlers und ich sind in Deutschland wohnhaft und haben keinerlei Verbindung mit den Vereinigten Staaten oder Washington.

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

7

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

|HH\1118282.6||

33. Nach meiner Kenntnis wohnen auch die anderen Mitarbeiter von Laverana, die für Laverana im Zusammenhang mit dieser Klage als Zeugen in Betracht kommen in Deutschland: die derzeitige Rechtsabteilungsmitarbeiterin Klaudia Zach sowie Ute Landt, Marketingchefin seit 1. Juli 2010 und Exportchefin seit August 2012. Hinsichtlich der ehemaligen Mitarbeiter von Laverana, die für Laverana im Zusammenhang mit dieser Klage als Zeuge in Betracht kommen, habe ich keine Kenntnis, dass diese nicht mehr in Deutschland wohnen: die ehemalige Rechtsabteilungsmitarbeiterin von Laverana Karen Rinne, der ehemalige Vertriebsleiter von Laverana Werner Oehlschläger, die ehemalige Vertriebsmitarbeiterin von Laverana Nadia Ismail. Mir ist auch keine wesentliche Verbindung dieser Personen mit den Vereinigten Staaten oder Washington bekannt.

34. Die keiner Partei zugehörige Frau Rinne war Laveranas Hauptkontaktperson im täglichen Umgang mit LSC bezüglich der Vertriebsverträge von 2011 bis März 2012. Meiner Ansicht nach ist Frau Rinnes Aussage sehr wichtig für die Verteidigung von Laverana gegen die Behauptungen von LSC. Frau Rinne besitzt Kenntnisse über die Verhaltensweise und die Vertragserfüllung der Parteien im Zusammenhang mit den Verträgen. Nach meiner Kenntnis ist Frau Rinne deutsche Staatsbürgerin, in Deutschland ansässig ist und ich bin mir über keine bedeutenden Kontakte zwischen Frau Rinne und Washington oder den Vereinigten Staaten bewusst. Von einer Änderung von Frau Rinnes Staatsbürgerschaft, Wohnort oder Kontakten ist mir nichts bekannt. Laverana hat keinerlei Kontrolle über Frau Rinne.

HAASE-ERKLÄRUNG
NR. 2:13-CV-02311-RSM

8

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

|HH\1118282.6||


1  Ich erkläre hiermit unter Androhung eines Meineids gemäß den Gesetzen der Vereinigten
2  Staaten von Amerika, dass Vorstehendes wahrheitsgetreu und korrekt ist und die Erklärung im
3  deutschen Wennigsen am 4. April 2014 ausgefertigt wurde.

_____
Thomas Haase

HAASE-ERKLÄRUNG   9   LATHAM & WATKINS LLP
NR. 2:13-CV-02311-RSM       505 MONTGOMERY ST. STE. 2000
                            SAN FRANCISCO, CA 94111
                            (415) 391-0600

|HH\1118282.6||

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

SEANN COLGAN
GUY MICHELSON
CORR CRONIN MICHELSON
BAUMGARDNER &PREECE LLP
scolgan@corrcronin.com
gmichelson@corrcronin.com

DATED this 8th day of April, 2014.

                                                     s/ Kathy Wheat
                                                     Kathy Wheat, Legal Assistant