**Honorable Ricardo S. Martinez**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| LAVERA SKIN CARE NORTH AMERICA, INC., a Washington corporation; and VICTOR TANG, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>LAVERANA GMBH & CO. KG, a German limited partnership,<br><br>    Defendant. | No. 2:13-cv-02311-RSM<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>**Note on Motion Calendar:  May 16, 2014**<br><br>**Oral Argument Requested** |

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. The Court Should Dismiss This Case on *Forum Non Conveniens* Grounds...........2

        1. The Supreme Court's Decision in *Atlantic Marine* Controls......................2

        2. The Traditional *Forum Non Conveniens* Test Compels Dismissal. ............5

            a. Public Interest Factors Strongly Favor Litigation in Germany. ..................................................................................6

            b. Private Interest Factors Strongly Favor Litigation in Germany. ..................................................................................7

    B. The Court Should Dismiss This Case for Lack of Personal Jurisdiction. ...............9

    C. Plaintiffs' Motion to Strike Is Improper and Meritless. ........................................11

III. CONCLUSION ....................................................................................................................12

**TABLE OF AUTHORITIES**

**CASES**

Page(s)

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*,
  134 S. Ct. 568 (2013) .................................................................................................. 1, 2, 3, 5, 6

*Carijano v. Occidental Petroleum Corp.*,
  643 F.3d 1216 (9th Cir. 2011) ................................................................................................ 6

*Colonial Leasing Co. v. Pugh Bros. Garage*,
  735 F.2d 380 (9th Cir. 1984) ............................................................................................. 3, 4

*Docksider, Ltd. v. Sea Tech., Ltd.*,
  875 F.2d 762 (9th Cir. 1989) ................................................................................................ 5

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) .............................................................................................. 6

*E. & J. Gallo Winery v. Andina Licores S.A.*,
  446 F.3d 984 (9th Cir. 2006) ............................................................................................. 3, 4

*Edumoz v. Republic of Mozambique*,
  968 F. Supp. 2d 1041 (C.D. Cal. 2013) ............................................................................... 12

*Future Indus. of Am. v. Advanced UV Light GmbH*,
  No. 09-966, 2010 U.S. Dist. LEXIS 90310 (D. Conn. Sept. 1, 2010) .................................. 5

*Indoor Billboard Nw. Inc. v. M2 Sys. Corp.*,
  922 F. Supp. 2d 1154 (D. Or. 2013) ..................................................................................... 4

*Khadera v. ABM Indus.*,
  No. 08-417, 2011 U.S. Dist. LEXIS 152138 (W.D. Wash. Dec. 1, 2011) .......................... 12

*Leetsch v. Freedman*,
  260 F.3d 1100 (9th Cir. 2001) .............................................................................................. 7

*Loya v. Starwood Hotels & Resorts*,
  No. 06-815, 2007 U.S. Dist. LEXIS 49012 (W.D. Wash. July 6, 2007) .............................. 6

*Lueck v. Sundstrand Corp.*,
  236 F.3d 1137 (9th Cir. 2001) .............................................................................................. 6

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
  858 F.2d 509 (9th Cir. 1988) ................................................................................................ 4

*Martinez v. Bloomberg LP*,
  740 F.3d 211 (2d Cir. 2014) ............................................................................................ 3, 4, 5

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-cv-02311-RSM

ii

**LATHAM & WATKINS LLP**
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

*Merrell v. Renier*,
    No. 06-404, 2006 U.S. Dist. LEXIS 41145 (W.D. Wash. June 6, 2006) .............................. 5

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ................................................................................................................ 6

*Stellia Ltd. v. B+S Card Serv. GmbH*,
    No. 12-1099, 2013 U.S. Dist. LEXIS 40095 (D. Nev. Mar. 21, 2013) ..........................3, 4, 5

*Sybac Solar AG v. Sybac Solar, LLC*,
    No. 12-1218, 2012 U.S. Dist. LEXIS 184076 (M.D. Fla. Oct. 22, 2012) ............................. 5

*Universe Sales Co. v. Silver Castle, Ltd.*,
    182 F.3d 1036 (9th Cir. 1999) .............................................................................................. 12

*Van Cauwenberghe v. Biard*,
    486 U.S. 517 (1988) ................................................................................................................ 6

*Vivendi S.A. v. T-Mobile USA, Inc.*,
    No. 06-1524, 2008 U.S. Dist. LEXIS 118529 (W.D. Wash. June 5, 2008) ......................... 8

*Yavuz v. 61 MM, Ltd.*,
    465 F.3d 418 (10th Cir. 2006) ................................................................................................ 3

**STATUTES**

28 U.S.C. 1782(a) ............................................................................................................................ 7

**RULES**

Fed. R. Civ. P. 44.1 ...................................................................................................................... 12

Fed. R. Evid. 408(e) ..................................................................................................................... 12

L.C.R. 7(e)(3) ............................................................................................................................... 12

L.C.R. 7(g) .................................................................................................................................... 12

I.     **INTRODUCTION**

Defendant Laverana GmbH & Co. KG ("Defendant" or "Laverana") submits this reply in support of its Motion to Dismiss (ECF No. 14, "Mot.") the Complaint filed by Plaintiffs Lavera Skin Care North America, Inc. ("LSC") and LSC employee Victor Tang (together, "Plaintiffs").

In their Opposition (ECF No. 18, "Opp'n"), Plaintiffs confirm the core facts establishing that this case belongs in Germany:

- Plaintiffs' claims are all based on a German-language Distribution Agreement that is governed by German law.  (Opp'n 17, 23.)
- The parties "agreed to submit to jurisdiction in Germany" in the Distribution Agreement.  (*Id.* at 2.)
- Germany is an "adequate alternate forum" for this litigation.  (*Id.* at 14, 20.)
- Material witnesses, including Plaintiffs' "main contact" with Defendant, are non-parties residing in Germany.  (*Id.* at 4; Decl. of Ulrike Jacob (ECF No. 19, "Jacob Decl.") at ¶ 30.)
- The parties already engaged in a three-day, in-person mediation in Germany regarding these very claims, as well as six months of further negotiation through a German mediator.  (Opp'n 5; Jacob Decl. ¶ 20.)

These agreed-upon facts are sufficient to dismiss Plaintiffs' Complaint in favor of litigation in Germany based on the doctrine of *forum non conveniens*.

Plaintiffs attempt to escape the Supreme Court's decision in *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 134 S. Ct. 568 (2013)—which requires dismissal on *forum non conveniens* grounds in the face of a forum selection clause designating a foreign forum—by arguing that the forum selection clause in the Distribution Agreement is merely "permissive."  This position reveals a fundamental problem with Plaintiffs' lawsuit:  Plaintiffs' analysis hinges on the interpretation of the non-binding English version of the clause under *U.S. federal law*, but the Distribution Agreement requires the *German-language* forum selection clause to be interpreted under *German law*.  Under German law, the forum selection clause is mandatory, and *Atlantic Marine* requires dismissal under the *forum non conveniens* doctrine.  *Id.* at 575.

Moreover, even if *Atlantic Marine* did not apply, the traditional *forum non conveniens* balancing of public and private interest factors overwhelmingly favors litigation in Germany.

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-cv-02311-RSM
1
LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

1  Plaintiffs agree that Germany is an adequate forum for their claims, and German courts are more
2  familiar with German language and law.  Plaintiffs' motion to strike Defendant's declaration
3  regarding German law is improper, meritless, and highlights the difficulties this Court will face
4  in deciding issues of German law—necessarily by reference to expensive and contested
5  translations of foreign testimony and authorities.  The private interest factors also favor
6  dismissal:  Plaintiffs have substantial connections to Germany and sophisticated German
7  counsel, and travel regularly to Germany (including for prior mediation of this matter), while
8  Defendant indisputably has no assets, employees, or presence in Washington; the majority of
9  evidence regarding the alleged breaches[1] is in German and in Germany; and even if Plaintiffs
10 obtain a judgment here, further proceedings will be required in Germany to enforce it.

11      Finally, Plaintiffs fail to meet their burden to establish personal jurisdiction over
12 Defendant, a German entity with no Washington presence.  The Distribution Agreement was
13 specifically negotiated to end Defendant's obligations at its facilities in Germany.  Ms. Jacob
14 states that she convinced Defendant to sell products to LSC, despite knowing that Defendant was
15 reluctant to do business with a foreign company.  Plaintiffs' have not established that Defendant
16 purposefully availed itself of Washington or that jurisdiction would be reasonable.

17 **II.    ARGUMENT**

18      **A.    The Court Should Dismiss This Case on *Forum Non Conveniens* Grounds.**

19           **1.    The Supreme Court's Decision in *Atlantic Marine* Controls.**

20     Plaintiffs assert that *Atlantic Marine* does not apply in this case because, under U.S.
21 federal law, the forum selection clause in the Distribution Agreement is permissive rather than
22 mandatory. (Opp'n 14-20.)  This entire analysis is inapposite:  the forum selection clause in the
23 Distribution Agreement must be interpreted under *German law* based on the parties' choice-of-

---

[1] Defendant vehemently disputes Plaintiffs' allegations regarding alleged breaches of contract and product defects and any claim for damages or declaratory relief.  As the merits of the dispute are not relevant to the *forum non conveniens* or jurisdictional analysis, Defendant has refrained from a point-by-point rebuttal to the allegations in Plaintiffs' Complaint, Opposition, and declarations.  Nevertheless, Defendant did not breach the Distribution Agreement but rather terminated it based on breaches by LSC, including LSC's failure to pay for products and sale of competitors' products.  Plaintiffs misstate the parties' obligations under the Distribution Agreements, including any obligation to offer specific products, and also misstate German law regarding packaging and regulatory approvals.  .

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

2

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

1  law agreement.  (*Id.* at 23; Mot. at 14-15; Decl. of Thomas Haase (ECF No. 16, "Haase Decl.") at
2  ¶ 17, Ex. 2 § 13(a).)  Under German law, the forum selection clause is mandatory, and thus the
3  Complaint must be dismissed under *Atlantic Marine*.

4  Where, as here, a contract contains a forum selection clause *and* a choice-of-law
5  provision, the parties' choice of law governs the question of whether the forum selection clause is
6  permissive or mandatory.  *See Stellia Ltd. v. B+S Card Serv. GmbH*, No. 12-1099, 2013 U.S.
7  Dist. LEXIS 40095, at *15 (D. Nev. Mar. 21, 2013) (applying German law to assess whether
8  forum selection clause was mandatory because "under controlling Ninth Circuit authority, when a
9  contract contains a choice of law provision, the validity of the contract's forum selection clause is
10 governed by the jurisdiction the parties specified in the choice of law clause") (citing *E. & J.*
11 *Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 994 (9th Cir. 2006) ("the contract clearly
12 contains a California choice-of-law clause; thus, the validity of the forum selection clause should
13 be decided by California law")); *Colonial Leasing Co. v. Pugh Bros. Garage*, 735 F.2d 380, 382
14 (9th Cir. 1984); *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006) ("under federal law the
15 courts should ordinarily honor an international commercial agreement's forum-selection provision
16 as construed under the law specified in the agreement's choice-of-law provision").

17 A recent appellate case, *Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014),
18 surveyed relevant authorities and explained this issue in detail:  "where a contract contains both a
19 valid choice-of-law clause and a forum selection clause, the substantive law identified in the
20 choice-of-law clause governs the interpretation of the forum selection clause, while federal law
21 governs the enforceability."  740 F.3d at 214.  Whether a forum selection clause is permissive or
22 mandatory is an issue of interpretation.[2]  *Id.* at 217-18.  The court recognized the mischief that
23 could arise if, as here, a party could ignore a choice-of-law provision in determining whether a
24 forum selection clause is mandatory or permissive:

---

25 [2] Although Plaintiffs argue that the forum selection clause is not entitled to an automatic *presumption* of
26 validity, they offer no basis to conclude that it is invalid or unenforceable, which would require a strong showing of "fraud or overreaching."  *See* Mot. 7 n.2; *Martinez*, 740 F.3d at 217.  The forum selection clause was a crucial part of the bargain for Defendant, and it featured prominently in the Distribution Agreement.  (Haase Decl. ¶¶ 17, 21, Ex.
27 2 § 13.)  Plaintiffs do not dispute that LSC freely agreed to "submit to the jurisdiction of Germany."  (Opp'n 4.)

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

3

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

> Applying federal law to construe a forum selection clause could frustrate the contracting parties' expectations . . . It could transform a clause that would be construed as permissive under the parties' chosen law into a mandatory clause, or vice versa, simply because the litigation was brought in a [U.S.] federal court.

*Id.* at 220. In short, "[t]o ensure that the meaning given to a forum selection clause corresponds with the parties' legitimate expectations, courts *must apply the law contractually chosen by the parties to interpret the clause*." *Id.* (emphasis added). Here, that is undisputedly German law.

The Opposition dodges this foundational issue. Plaintiffs merely state in a footnote that U.S. law applies to the clause despite the selection of German law in the choice-of-law provision. (Opp'n 15 n.10.) The only case Plaintiffs cite for this proposition is an Oregon decision, *Indoor Billboard Nw. Inc. v. M2 Sys. Corp.*, 922 F. Supp. 2d 1154 (D. Or. 2013), where parties did "not address or analyze" choice-of-law issues "to determine the scope and effect of the forum-selection clause." *Id.* at 1160. The only case cited by *Indoor Billboard* was *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988), which did not involve a choice-of-law provision. *See Martinez*, 740 F.3d at 232 (Newman, J., concurring) (explaining that *Manetti* was inapposite because it did not involve a choice-of-law clause). When the issue has been considered, the Ninth Circuit has consistently "applied the law specified in a choice-of-law provision to interpret a forum selection clause." *Id.* at 231 (citing *Colonial*, 735 F.2d at 382); *see also E. & J. Gallo*, 446 F.3d at 994; *Stellia*, 2013 U.S. Dist. LEXIS 40095, at *15.

German law thus determines whether the forum selection clause is permissive or mandatory, and under German law, the forum selection clause in the Distribution Agreement is mandatory. (Decl. of Dr. Björn-Axel Dissars in Support of Reply ("Dissars Decl. II") at ¶¶ 3-4, Exs. 1-12 (collecting controlling German authorities).) Germany's highest court on civil matters has repeatedly held that when a party agrees to jurisdiction at a location in its home country—as Defendant did here—the agreement must be interpreted to provide the exclusive forum for claims against that party. (*See id.* (citing German Federal Court of Justice (*Bundesgerichtshof*), No. XI ZR 34/96 (1997); German Federal Court of Justice (*Bundesgerichtshof*), No. VIII ZR 113/71 (1972)).) Inclusion of a German choice-of-law provision is further evidence that the parties intended the forum selection clause to be exclusive. *See* Dissars Decl. II ¶ 4, Exs. 11-12

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

4

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

1  (citing Court of Appeals Düsseldorf (*Oberlandesgericht (OLG) Düsseldorf*), No. 10 U 93/89

2  (Dec. 14, 1989)); *see also Sybac Solar AG v. Sybac Solar, LLC*, No. 12-1218, 2012 U.S. Dist.

3  LEXIS 184076, at *9-10 (M.D. Fla. Oct. 22, 2012) ("[i]nterpreting the forum selection clause as

4  mandatory is also supported by the provision that German law governs the contract").

5        Federal courts in the U.S. recognize this feature of German law. *See Future Indus. of*

6  *Am. v. Advanced UV Light GmbH*, No. 09-966, 2010 U.S. Dist. LEXIS 90310, at *11 (D. Conn.

7  Sept. 1, 2010), *aff'd* 434 F. App'x 46 (2d Cir. 2011) (forum selection clause providing that

8  "courts of Essen, Germany shall have jurisdiction for all disputes" is mandatory under German

9  law); *Stellia*, 2013 U.S. Dist. LEXIS 40095, at *17 ("Under German law the parties' selection of

10 Frankfurt am Main, Germany as the forum for resolving disputes is mandatory and exclusive.").

11       The selection of an exclusive German forum was a crucial aspect of the parties' bargain,

12 and Plaintiff LSC agreed to the provision. (Haase Decl. ¶ 21, Ex. 2 § 13(b).)  Plaintiffs do not

13 dispute this point. (Opp'n 4.) When the binding German version of the forum selection clause is

14 properly interpreted, under German law, the forum selection clause is mandatory.[3] This Court

15 should not permit Plaintiffs to "transform a clause that would be construed as [mandatory] under

16 the parties' chosen law into a [permissive] clause … simply because the litigation was brought in

17 a federal court in the United States." *Martinez*, 740 F.3d at 220; *see also Stellia*, 2013 U.S. Dist.

18 LEXIS 40095, at *15. Accordingly, *Atlantic Marine* applies and requires dismissal. (Mot. 7-8.)

19       **2.**    **The Traditional *Forum Non Conveniens* Test Compels Dismissal.**

20       Under *Atlantic Marine*, Plaintiffs' case should be dismissed because the forum selection

21 clause should be "given controlling weight in all but the most exceptional cases." (Mot. 7-8.)

---

[3] Without citing any German law, Plaintiffs make a limited effort to analyze the controlling German-language version of the clause ("Gerichtsstand ist Hannover, Deutschland."). (Opp'n 17-18; Haase Decl. ¶ 17, Ex. 2 §§ 13(b), 15.) Plaintiffs erroneously argue that the lack of the exclusivity term "*ausschließlich*" means that the forum selection clause is permissive; express language denoting "exclusivity" is not necessary under German law. (*See* Dissars Decl. II ¶ 3(d), Exs. 7-8 (citing Court of Appeals Bamberg (*Oberlandesgericht (OLG) Bamberg*), No. 1 U 302 /87 (Sept. 22, 1988)).) In any event, Plaintiffs concede that there is no direct English analogue to the German term "Gerichtsstand," and that it also means the "place of venue." (Opp'n 17.) A clause designating the place of venue is *mandatory* without any further "exclusivity" language even under U.S. law. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *Merrell v. Renier*, No. 06-404, 2006 U.S. Dist. LEXIS 41145, at *4 (W.D. Wash. June 6, 2006) ("when a forum selection clause uses mandatory language like 'will' or 'shall' in conjunction with a choice of 'venue,' the clause is not permissive"). While the English translation uses the word "jurisdiction" rather than "venue," that translation is expressly non-binding. (Haase Decl., Ex. 2 § 15.)

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

5

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

But even if *Atlantic Marine* did not apply, the public and private *forum non conveniens* factors point to Germany as the most appropriate forum. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). The *forum non conveniens* determination is committed to the "sound discretion of the district court," whose decision "deserves substantial deference." *Id.* In balancing these factors, courts consider submissions of proof, and do not accept mere allegations in a complaint. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988).

### a.   Public Interest Factors Strongly Favor Litigation in Germany.

The balance of public interest factors is not even close. Plaintiffs only argue for two factors in any measure of detail, and both arguments fail based on Plaintiffs' own concessions.

First, Plaintiffs argue that "the court's familiarity with the governing law" only matters if the governing law is "substantially different." (Opp'n 23.) But there is no requirement under applicable law that a movant detail the substantive differences between the governing law and the law of the forum.[4] (Mot. 14-15 (choice-of-law analysis).) On the contrary, avoiding analysis of foreign law is a primary reason for the *forum non conveniens* doctrine. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251 (1981) ("*forum non conveniens* . . . is designed in part to help courts avoid conducting complex exercises in comparative law . . . the public interest factors point towards dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself'"); *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1234 (9th Cir. 2011); *Loya v. Starwood Hotels & Resorts*, No. 06-815, 2007 U.S. Dist. LEXIS 49012, at *28 (W.D. Wash. July 6, 2007).[5] Here, Plaintiffs concede that German law must be applied in deciding this case, and the German courts indisputably are more familiar with German law than are courts or juries in the U.S. (Opp'n 23; Mot. 14-15.) The difficulties of applying German law

---

[4] Plaintiffs' reliance on dicta from *Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002), is misplaced: the *Dole* court raised differences in potentially applicable law—under *California* choice-of-law standards that differ from Washington's rules and do not apply here—because a choice-of-law provision was not present in that case, making it unclear what "governing law" the court needed to be familiar with. *Id.* at 1119 ("The determination of applicable law requires a choice of law analysis under California's 'governmental interest' approach.").

[5] Of course, there are meaningful differences between U.S. and German law, *e.g.*, as illustrated by the discussion above regarding the forum selection clause. (Dissars Decl. II ¶¶ 3-4, Exs. 1-12.)

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

6

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

1  to German language contracts "weighs especially heavily" for dismissal in favor of litigation in
2  Germany.  (Mot. 14-15 (quoting *Leetsch v. Freedman*, 260 F.3d 1100, 1105 (9th Cir. 2001)).)
3     Second, Plaintiffs nitpick statistics regarding the Court's workload but do not
4  meaningfully dispute that this litigation would be resolved faster in Germany.  (Opp'n 23.)
5  Notably, Plaintiffs do not even attempt to compare relative congestion to German courts,
6  presumably because it is undisputed that the time to trial in Germany is more than six months
7  faster on average than in this Court.  (Mot. 16-17.)  This Court and Washington juries should not
8  be burdened by the exercise of applying German law to a German-language contract, especially
9  when Plaintiffs agree that an "adequate alternative forum" is available in Germany.  (Opp'n 20.)

   **b.**  **Private Interest Factors Strongly Favor Litigation in Germany.**

11     The private interest factors also overwhelmingly favor litigation in Germany.
12     *First*, Plaintiffs concede a strong connection to the German forum, whereas Defendant
13  has extremely limited connections to Washington.  Ms. Jacob, Plaintiff LSC's sole owner, does
14  not contest that she is a German citizen and fluent in German.  (Haase Decl. ¶¶ 12-15.)  The
15  parties' relationship began when Ms. Jacob approached Defendant in Germany to persuade it to
16  sell products to LSC.  (*Id.* ¶ 13; Jacob Decl. ¶ 2.)  Ms. Jacob concedes that she made repeated
17  trips to Germany to discuss alleged problems under the Distribution Agreement, including flying
18  to Germany for three days of mediation on the very issues raised in this litigation.  (Jacob Decl.
19  ¶¶ 10, 18, 20.)  Plaintiffs do not dispute that LSC has sophisticated German counsel that
20  represented it in connection with that mediation.  (Haase Decl. ¶ 25.)  In contrast, Defendant, its
21  shareholders, and material witnesses are German entities and citizens who would need English
22  translators and have no presence in Washington.  (Mot. 10-11.)
23     *Second*, litigation in Washington will preclude Defendant from offering relevant
24  evidence.  Plaintiffs do not dispute that this Court cannot compel documents or trial testimony
25  from German witnesses, including Defendant's current or former employees.  (Mot. 12; Decl. of
26  Dr. Björn-Axel Dissars in Support of Mot. to Dismiss (ECF No. 15, "Dissars Decl. I") ¶¶ 30-32.)
27  In contrast, if this matter proceeds in Germany, the parties will still be able to seek testimony and

REPLY IN SUPPORT OF MOTION TO DISMISS   7   LATHAM & WATKINS LLP
NO. 2:13-cv-02311-RSM            505 MONTGOMERY ST. STE. 2000
                            SAN FRANCISCO, CA 94111
                            (415) 391-0600

documents from witnesses in the U.S. *See* 28 U.S.C. 1782(a). Both Plaintiffs and Defendant have identified a non-exclusive list of material German-resident witnesses who could not be compelled to trial in Washington, including non-parties Karen Rinne (Defendant's main contact with LSC, and a material witness regarding any alleged breaches), non-parties Werner Oehlschläger (Defendant's former head of sales), Nadia Izmail (former employee in the sales department of Defendant), and Maia Francke (who Plaintiffs contend was Defendant's main contact with LSC). (Mot. 12; Jacob Decl. ¶¶ 9, 24.) Ms. Jacob's self-serving claim that Ms. Rinne is irrelevant, and her hearsay assurance that Ms. Francke and another non-U.S. witness would testify voluntarily do not provide any assurance that Defendant will have the ability to offer testimony from material witnesses. While Plaintiffs offer a list of potential U.S. witnesses, nearly all of whom pertain solely to the calculation of alleged damages, Plaintiffs do not claim any witness would be unable to provide evidence in a German proceeding. (*See* Opp'n 20-21.)[6]

*Third*, the majority of the relevant evidence is located in Germany and is in German. By Plaintiffs' own allegations, the purported breaches occurred in Germany, and Ms. Jacob points to German residents Mr. Haase, Klara Ahlers, and Sonia Czech as the primary persons with whom she dealt regarding the conduct Plaintiffs contend breached the Distribution Agreement.[7] (Jacob Decl. ¶ 10.) Contrary to Plaintiffs' assertion, Defendant already detailed the specific categories of material documentary evidence that is in Germany and in German.[8] (Haase Decl. ¶ 31.)

*Fourth*, Plaintiffs' assertion that there is no issue regarding the enforceability of a judgment in this Court against Defendant is wrong. As Defendant indisputably has no assets in

---

[6] Plaintiffs claim that litigation in Germany would be prohibitively expensive for them. Neither Plaintiffs' self-serving allegations about their finances nor the certification LSC's longtime accountant prepared do not change the analysis here. *See, e.g.*, *Vivendi S.A. v. T-Mobile USA, Inc.*, No. 06-1524, 2008 U.S. Dist. LEXIS 118529, at *38 (W.D. Wash. June 5, 2008) (a party's ability to "pay the costs of bringing the witnesses to trial does not mean that the court should impose upon them the burden of litigating in an otherwise inconvenient forum").

[7] Ms. Jacob also alleges a handful of visits by personnel to trade shows in North America (most of which were not in Washington). (Jacob Decl. ¶ 24.) Such incidental conduct cannot overcome the fact that all or nearly all of Defendant's performance under the Distribution Agreement occurred is Germany, particularly since Ms. Jacob alleges nearly all of the visits occurred before the Distribution Agreement was signed in 2008 (many before LSC was formed, when Ms. Jacob distributed Defendant's products through her California company). (*Id.*; Opp'n 3.)

[8] Ms. Jacob's declaration attaches some English-language newsletters and marketing materials but does not connect these materials to any of the alleged obligations or breaches in this case. (Jacobs Decl. ¶ 29, Ex. I.) In contrast, the exhibits to the declarations of Mr. Haase and Mr. Dissars reveal that substantive communications were in German. (Dissars Decl. I ¶¶ 6-15, Exs. 1-10; Haase Decl. ¶ 28, Ex. 4.)

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

8

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

1. the U.S., the judgment must be enforced in Germany. Plaintiffs do not dispute that further proceedings *in Germany* are necessary to enforce any judgment of this Court. (Mot. 13; Dissars Decl. I ¶¶ 35-38, Exs. 37-38.) German law expressly bars enforcement of a foreign judgment if the foreign court does "not have jurisdiction according to *German law*" or if the judgment would be "incompatible with the essential principles of *German law*." (Dissars Decl. I ¶ 37, Ex. 38 § 328(1) (emphases added).) Accordingly, any judgment Plaintiffs obtain in this Court would have to be defended anew in Germany under German law. This case belongs in Germany in the first instance, and should be dismissed based on *forum non conveniens* grounds.

**B. The Court Should Dismiss This Case for Lack of Personal Jurisdiction.**

This action should also be dismissed for lack of personal jurisdiction. Plaintiffs concede that they cannot establish general jurisdiction over Defendant. (Opp'n 7 n.3.) They also fail to establish Defendant's purposeful availment to the Washington forum for purposes of specific jurisdiction, or the reasonableness of forcing this German entity to litigate in Washington.

*First*, Plaintiffs concede that the Distribution Agreement was executed by all parties "as a matter of convenience" in Germany, and argue that it was drafted almost entirely by Defendant (and thus in Germany). (Jacob Decl. ¶ 25.) Plaintiffs do not contest that the Distribution Agreement included provisions designed to avoid entanglements in the U.S. (including the choice-of-law, forum selection, and ex works clauses). (Mot. 20.) Plaintiffs quibble only that the Distribution Agreement was not entirely negotiated in Germany because "Laverana sent the proposed 2008 Agreement to LSC in Washington." (Opp'n 9 & n.4.)

*Second*, the Opposition fails to identify any activity by Defendant in Washington in connection with the Distribution Agreement. The Distribution Agreement expressly provides that LSC takes ownership of Defendant's products to Plaintiffs at its facilities in Germany and places all shipping obligations on Plaintiff LSC. (Mot. 20; Haase Decl. ¶ 17, Ex. 2 § 3(j).) Plaintiffs claim only that Defendant sometimes "deliver[ed] products upon order to LSC in Washington." (Opp'n 11.) This naked assertion is belied by every single shipping document Plaintiffs submitted, which show that the transactions were "Made in . . . Germany" and the

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

9

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

1  transfers made via "ab Werk" or "EXW Empelde," *i.e.*, ex works from Germany. (Jacob Decl.,
2  Ex. B at 24-44; *id.*, Ex. C at 46-59.) Plaintiffs' argument comes down to the position that
3  shipments were made by a "documents against payment" method.[9] (Jacob Decl. ¶ 6.) This term
4  does not conflict with the parties' express ex works arrangement, and relates to when Plaintiff
5  LSC was required to pay Defendant—an act involving no purposeful availment by Defendant in
6  Washington. Defendant's obligations ended at its facilities in Germany, and Plaintiffs cannot
7  point to their own activities in Washington to establish Defendants' purposeful availment.

*Third*, Plaintiffs claim that Defendant had control over Plaintiff LSC's activities in the U.S. because the Distribution Agreement provided that LSC would submit its marketing material for approval. (Opp'n 6, 11 n.6; Jacob Decl. ¶ 27.) But this was merely a requirement if LSC wanted to obtain certain product discounts. (Haase Decl., Ex. 2 § 3(d).) It was LSC's decision where, when, to whom and for what price the products were sold. (*Id.* § 1(d).) Plaintiffs cite no evidence showing that they ever submitted any materials to Defendant regarding any marketing of Defendant's products in Washington.

*Fourth*, Plaintiffs assert that their alleged distribution of Defendant's products nationwide (without any evidence that any products were ever sold in Washington) is sufficient to establish jurisdiction in Washington. (Opp'n 9-10.) This position is contrary to Supreme Court precedent. *See J. McIntryre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2790 (2011) (in assessing jurisdiction, "contacts with [the forum state], not with the United States, [] alone are relevant").

*Fifth*, Plaintiffs fail to demonstrate the reasonableness of requiring Defendant, a German entity, to defend itself in a state in which it has no present association. As Plaintiffs concede, there is a "higher jurisdictional barrier" for imposing jurisdiction over aliens. (Opp'n 13.) Litigation in Germany does not raise any such concerns because Plaintiff LSC's sole owner is a German citizen, fluent in German, who regularly travels to Germany and did so in connection with mediation for this very case, and LSC already has able German counsel. (Jacob Decl.

---

[9] Such payment clauses are typically used in cases where payment by the buyer is doubtful; LSC had a history of failing its payment obligations. (*See* Haase Decl. Ex. 4 § 2(e), 6.)

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

10

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

¶¶ 10, 18, 20; Haase Decl. ¶¶ 12-14.) Given the need to apply German law to a German-language contract in this case, and Plaintiffs' acquiescence to a German forum selection clause, it would be manifestly unreasonable to shift the burden of foreign litigation to Defendant.

*Finally*, it is irrelevant whether "Laverana voluntarily submitted to jurisdiction in the courts of Washington" for purposes of a hypothetical appeal of limited proceedings before the World Intellectual Property Organization ("WIPO"). (Opp'n 1, 7.) WIPO is a Swiss organization that deals with domain name disputes, and the matter solely concerned Defendant's effort to retrieve the lavera.com domain name from Victor Tang (who was unknown to Defendant at the time)—not any dispute under the Distribution Agreement. The WIPO proceedings were dismissed precisely because Mr. Tang invoked the Distribution Agreement.[10] (Decl. of Victor Tang (ECF No. 20), Ex. 2 at 4.) The WIPO proceedings did not take place in the U.S., but WIPO rules required *appeals* take place in courts at "the location of the Domain Name holder's address, as shown for the registration of the Domain Name in the concerned registrar's WHOIS database"—which showed the relevant address in Illinois. (*Id.*, Ex. 1 at 7, 11.) Defendant *never* conceded that any U.S. jurisdiction was "convenient," and no proceedings ever took place in Washington. In contrast, LSC signed the Distribution Agreement in Germany "as a matter of convenience" and mediated this dispute in Germany. (Opp'n at 5, 6.) The WIPO proceedings—which ended when Mr. Tang invoked the Distribution Agreement—have no bearing on this case.

### C. Plaintiffs' Motion to Strike Is Improper and Meritless.

Plaintiffs submitted a motion to strike portions of the Dissars Declaration discussing applicable German law—while offering no contrary position on German law. (Opp'n, Ex. A.) This request is procedurally improper, substantively meritless, and underscores Plaintiffs' inability or unwillingness to engage on issues of German law, which are controlling in this case.

Plaintiffs' separate motion to strike is a procedurally defective attempt to evade page limits in direct contravention of the local rules. *See* L.C.R. 7(g); *id.* at 7(e)(3). This Court rejects

---

[10] Defendant owns domain names that include the term "lavera." (Haase Decl., Ex. 2 § 8(b).)

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

11

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

such requests outright. *See Khadera v. ABM Indus.*, No. 08-417, 2011 U.S. Dist. LEXIS 152138, at *20 n.9 (W.D. Wash. Dec. 1, 2011) ("Defendants have failed to comply with Local Civil Rule 7(g), their Motion to Strike will not be considered").

Plaintiffs' motion to strike also fails on the merits. First, Plaintiffs claim that the Dissars Declaration includes expert testimony barred by various provisions of the Federal Rules of Evidence. Plaintiffs are fundamentally mistaken: "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. Attorney declarations are commonly used to assess foreign law.[11] *See, e.g.*, *Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999); *Edumoz v. Republic of Mozambique*, 968 F. Supp. 2d 1041, 1045 (C.D. Cal. 2013) (admitting attorney affidavit in *forum non conveniens* analysis). Second, testimony regarding LSC's participation in mediation in Germany was used to establish Plaintiffs' ability and willingness to engage in dispute resolution in Germany, not for any purpose precluded by Rule 408, and—unlike Plaintiffs[12]—Defendant did not discuss the substance of the mediation. *See* Fed. R. Evid. 408(e). Third, Plaintiffs' hearsay objections are immaterial; each of the challenged statements was also provided based on personal knowledge by Mr. Haase, to which Plaintiffs do not object. (*Compare* Haase Decl. ¶¶ 4-7, 18, 30 *with* Dissars Decl. I ¶¶ 28, 35, 40, 42-45.) If the Court entertains Plaintiffs' motion, Defendant hereby requests that Ms. Jacob's hearsay statements be stricken. (*See* Jacob Decl. ¶¶ 9, 30.)

## III. CONCLUSION

This Court should dismiss Plaintiffs' claims with prejudice based on the doctrine of *forum non conveniens* and for lack of personal jurisdiction in favor of litigation in Germany.

---

[11] Plaintiffs suggest the Court should instead determine German law based on a website that disclaims that the translation is accurate or that the authority it translates is binding. (Opp'n, Ex. A at 2 n.1; http://www.gesetze-im-internet.de/Teilliste_translations.html.)

[12] Plaintiffs assert that Defendant "stall[ed]" mediation talks to file for "trademark protection of the mark lavera in the U.S." (Opp'n 5.) While Defendant does own this U.S. trademark, Defendant has acted in good faith at all times, including mediation. Defendant terminated the Distribution Agreement after *LSC* terminated mediation.

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

12

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

| | |
|---|---|
| Dated:  May 16, 2014 | Respectfully submitted, |
| | By *s/ Molly A. Terwilliger* |
| | Molly A. Terwilliger |
| Of Counsel: | |
| LATHAM & WATKINS LLP | SUMMIT LAW GROUP |
|   Melanie M. Blunschi (*pro hac vice*) |   Molly A. Terwilliger (Wash. Bar No. 28449) |
|   melanie.blunschi@lw.com |   mollyt@summitlaw.com |
|   James H. Moon (*pro hac vice*) | 315 5th Avenue South, Suite 1000 |
|   james.moon@lw.com | Seattle, Washington 98104 |
| 505 Montgomery St. Suite 2000 | Telephone:  (206) 676-7000 |
| San Francisco, California 94111-6538 | Facsimile:  (206) 676-7001 |
| Telephone:  (415) 391-0600 | |
| Facsimile:  (415) 395-8095 | *Attorneys for Defendant Laverana GmbH & Co., KG, a German limited partnership* |

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-CV-02311-RSM

13

LATHAM & WATKINS LLP
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Guy Michelson
Seann Colgan
Corr Cronin Michelson Baumgardner & Preece LLP
scolgan@corrcronin.com
gmichelson@corrcronin.com

Dated: May 16, 2014

                                           *s/ Kathy Wheat*
                                           Kathy Wheat, Legal Assistant

REPLY IN SUPPORT OF MOTION TO DISMISS
NO. 2:13-cv-02311-RSM

14

**LATHAM & WATKINS LLP**
505 MONTGOMERY ST. STE. 2000
SAN FRANCISCO, CA 94111
(415) 391-0600