HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAVERA SKIN CARE NORTH AMERICA, INC., a Washington corporation; VICTOR TANG, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>LAVERANA GMBH & CO. KG, a German limited partnership,<br><br>　　　　　　　Defendant. | No. 2:13-cv-02311-RSM<br><br>**LAVERA SKIN CARE NORTH AMERICA, INC.'S SURREPLY TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Defendant Laverana GmbH & Co. KG ("Laverana") seeks dismissal on grounds of *forum non conveniens*, relying heavily upon a forum-selection clause and the U.S. Supreme Court's decision in *Atlantic Marine Constr. Co. v. U.S. Dist. Ct.,* 134 S. Ct. 568 (2013). In response, Lavera Skin Care North America, Inc. ("LSC") pointed out that under federal common law the forum-selection clause at issue is permissive, i.e., not exclusive, and that *Atlantic Marine* is therefore inapplicable. In reply, Laverana concedes that the forum-selection clause is permissive under federal law, but argues for the first time that German law governs this issue under a choice-of-law provision, thus raising a new issue: whether federal common law governs the interpretation of a forum-selection clause in a contract that also contains a choice-of-law provision.

LAVERA SKIN CARE NORTH AMERICA, INC.'S SURREPLY – 1

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Because this issue was not raised until the reply, LSC has not had an opportunity to address it, and the Court has not yet had the benefit of having it fully briefed. Accordingly, LSC respectfully requests that it be permitted to address this new issue, as well as the new declaration submitted by Laverana on reply.

The seminal Ninth Circuit case on this question is *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir. 1988), which sets forth the relevant rule as follows:

> [T]he federal rule announced in *The Bremen* controls enforcement of forum clauses in diversity cases…. Moreover, because enforcement of a forum selection clause necessarily entails interpretation of the clause before it can be enforced, ***federal law also applies to interpretation of forum selection clauses***.

(Internal citation omitted) (emphasis added). Many courts within the Ninth Circuit, following *Manetti-Farrow*, have held that federal common law governs interpretation of forum-selection clauses, ***notwithstanding the presence of a choice-of-law provision***:

> This Court must follow Ninth Circuit law and, therefore, must interpret the forum-selection clause at issue here under federal common law without regard to the … choice-of-law provision.

*Indoor Billboard Northwest Inc. v. M2 Systems Corp.,* 922 F. Supp. 2d 1154, 1161 (D. Or. 2013) (noting that there is a circuit court split on this issue, and following *Manetti-Farrow*).

> [F]ederal law governs in determining whether the forum-selection clause is enforceable – despite the existence of the New York choice-of-law provision.

*IDACORP, Inc. v. Am. Fiber Sys., Inc.,* 2012 WL 4139925, *1 (D. Idaho Sept. 19, 2012) (citing *Manetti-Farrow*, and *Jones v. GNC Franchising,* 211 F.3d 495 (9th Cir. 2000), discussed below).

> The Ninth Circuit has held that a district court, sitting in diversity, must interpret forum selection clauses under federal common law, without regard to any choice of law provision in the subject agreement.

*Kiland v. Boston Scientific Corp.,* 2011 WL 1261130, *4 (N.D. Cal. April 1, 2011) (following *Manetti-Farrow*, and citing *Doe 1. v. AOL LLC,* 552 F.3d 1077 (9th Cir. 2009), discussed below).

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 2

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

> Although the … Agreement contains a choice of law provision selecting Utah law, the Ninth Circuit has held that, in the context of determining venue, *Erie* principles require that federal law apply to both the enforcement and interpretation of forum selection clauses

*Siren, Inc. v. Firstline Sec., Inc.,* 2006 WL 3257440, *4 (D. Ariz. May 17, 2006) (following *Manetti-Farrow*).

In addition, since *Manetti-Farrow* was decided, the Ninth Circuit has twice applied federal common law to interpret a forum-selection clause where the contract at issue also contained a choice-of-law provision. *Doe 1,* 552 F.3d at 1081 (citing *Manetti-Farrow* and applying federal law to interpret forum-selection clause despite choice-of-law provision specifying Virginia law); *Jones,* 211 F.3d at 497 (citing *Manetti-Farrow* and applying federal law to determine "the effect and scope" of forum-selection clause despite choice-of-law provision specifying Pennsylvania law). District Courts within the Ninth Circuit have made equivalent holdings. *E.g., Sigma Six Technologies, Inc. v. Nagarro, Inc.,* 2009 WL 2031771, *4-5 (N.D. Cal. July 9, 2009) (applying federal law to question of whether forum-selection clause was mandatory or permissive, notwithstanding choice-of-law provision specifying German law).

Laverana relies upon *Stellia Ltd., Inc. v. BkS Card Serv. GmbH,* 2013 WL 1195709 (D. Nev. Mar. 22, 2013) and *E. & J. Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984 (9th Cir.2006), for a contrary conclusion. Reply, p. 3. *E. & J. Gallo,* however, does not control this question, and *Stellia*, which relies only upon *E. & J. Gallo*, is not persuasive.

In *E. & J. Gallo*, the plaintiff sought an injunction to enjoin litigation by the defendant in Ecuador, which was denied by the District Court due to considerations of international comity. *Id.* at 988. The contract at issue contained a forum-selection clause and choice-of-law provision specifying California law. *Id.* at 987. In the course of reversing, the Ninth Circuit rejected the District Court's conclusion that the courts of Ecuador were more competent to decide an issue of Ecuadorian law, observing that "the validity of the forum selection clause should be decided by California law" because of the choice-of-law provision. *Id.* at 994.

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 3

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

As subsequently noted by a district court decision considering the effect of *E. & J. Gallo* on *Manetti-Farrow*, however, the Ninth Circuit's observation concerning the forum-selection clause in *E. & J. Gallo* "was not part of the court's holding." *Dawson v. Cagle Cartoons, Inc.,* 2013 WL 4829317, *3-4 (E. D. Cal. Sept. 9, 2013). In other words, it was dicta. Moreover, the only authority cited in *E. & J. Gallo* was a *cf.* cite to *Batchelder v. Kawamoto,* 147 F.3d 915, 919-920 (9th Cir. 1998), a case in which the primary issue concerned interpretation of a choice-of-law provision, and in which the court actually appeared to apply federal law to interpret a forum selection clause. *Batchelder*, 147 F.3d at 919 (citing Ninth Circuit and U.S. Supreme Court case law on question of whether forum-selection clause could be avoided on grounds of fraud).

Moreover, as noted by the District Court in *Dawson*, there is "no acknowledgment or discussion of, or even citation to, *Manetti–Farrow* in *E. & J. Gallo*" and "[i]n cases decided after *E. & J. Gallo,* the Ninth Circuit has repeated the rule that it 'applies federal law in interpreting the forum selection clause.'" 2013 WL 4829317, at *3-4 (*quoting Simonoff v. Expedia, Inc.,* 643 F.3d 1202, 1205 (9th Cir. 2011) and *citing Doe 1,* 552 F.3d at 1081). Accordingly, the *Dawson* court concluded that it was "not persuaded that *E. & J. Gallo* marks a departure from the law followed in the Ninth Circuit," and, consequently, that it was also not persuaded by *Stellia*, "which cited only to *E.& J. Gallo*." *Id.* This Court should reach the same conclusion, and follow *Manetti-Farrow* and the numerous other authorities cited above holding that federal common law governs interpretation of a forum-selection clause notwithstanding the presence of a choice-of-law provision.

Laverana also relies heavily upon a recent Second Circuit decision, *Martinez v. Bloomberg LP,* 740 F.3d 211 (2014), citing a concurrence for the following proposition: "When the issue has been considered, the Ninth Circuit has *consistently* 'applied the law specified in a choice-of-law provision to interpret a forum selection clause.'" Reply, 4 (emphasis added). In fact, the concurrence cites only one case for this proposition (the word "consistently" was added by

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Laverana), and that one case – *Colonial Leasing Co. v. Pugh Brothers Garage*, 735 F.2d 380 (1984) – was decided *before* the Ninth Circuit's seminal decision in *Manetti-Farrow*. *Martinez*, 740 F.3d at 232 (J. Newman concur).

Moreover, in *Manetti-Farrow* the Ninth Circuit noted that there was a circuit split on this issue and specifically considered and rejected the approach, favored by some circuits, that "interpretation of a forum selection clause [is] a contract issue." *Id.* at 512. That is precisely the theory, however, which was adopted by the Second Circuit in *Martinez*, and which Defendant relies upon. *See* Reply, p. 4 (quoting *Martinez* as holding that applying federal law to interpret a forum-selection clause "could frustrate the contracting parties' expectations"). In short, while there is a circuit split on this question, the law in the Ninth Circuit is clear: interpretation of a forum-selection clause is a matter of federal common law. Thus, the Court does not need to apply German law to interpret the forum-selection clause.

Moreover, even if Laverana were correct, and the forum-selection clause should be interpreted under German law, dismissal would still not be warranted. LSC will not repeat arguments contained in its opposition brief on this issue, but will here only address the new arguments concerning the application of German law raised by Laverana in the declaration of its attorney, Dr. Björn-Axel Dissars, filed in support of its reply. Dkt 22.[1]

Dr. Dissars relies entirely upon his interpretation of German case law, and asks the Court to follow "German court precedents." Dkt 22, p. 3. His interpretations, however, are misleading and incomplete. Germany is a civil law country, with an expansive civil code that "serves as the touchstone of German law." Kochinke, Clemens, *Business Laws of Germany* § 18:7 (2012). *See also id.* ("Although governed by stare decisis, German law is less precedent-driven than

---

[1] As discussed in LSC's motion to strike, the Court should view the expert testimony of Laverana's own attorney concerning German law as an unreliable source. Those arguments apply equally to Dr. Dissars' new declaration.

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 5

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  elsewhere."). In this regard, it is telling that Dr. Dissars fails to discuss extensive statutory German
2  law governing terms and conditions of business, and, in particular fails to alert the Court to a
3  particular provision of the German Civil Code ("BGB") that governs the present issue.

4  The German law of standard terms and conditions was enacted in 1976, and integrated into
5  the BGB in 2002, as §§ 305 *et seq.* *Id.*, §6.3. It governs both business-to-business and business-
6  to-consumer contracts. *Id.* It applies to standardized business terms, defined as "all contract terms
7  pre-formulated for more than two contracts which one party to the contract (the user) presents to
8  the other party upon the entering into of the contract," unless such terms were "negotiated in detail
9  between the parties." § 305, ¶ 1 BGB. The forum-selection clause falls within this definition.[2]

10 Section 305c, ¶ 2 BGB provides with respect to "ambiguous clauses" that "[a]ny doubts in
11 the interpretation of standard business terms are resolved against the user," which, as defined above,
12 is the party who proposed the terms and conditions – Laverana. This rule of *contra proferentem*,
13 or interpretation against the drafter, is certainly known to Dr. Dissars, as it was applied in one of
14 the cases he relies upon, a decision of the Court of Appeals Schleswig, No. 2 W 80/06. Dissars
15 Dec., ¶ 3(c).[3] Nevertheless, he represents to the Court that the relevant rule of interpretation is, in
16 fact, the opposite, i.e., that the forum-selection clause should be interpreted to "benefit the one who

---

[2] Laverana's owner, Thomas Haase, testified in support of the motion to dismiss that the forum-selection clause was not negotiated. Dkt 16-1, ¶ 21. As to the requirement that the terms appear in "more than two" contracts, the identical provision was contained in the 1999 Agreement between the parties, and Mr. Haase's further testimony that he "would not have executed this agreement without a forum-selection clause designating German courts," *id.*, strongly suggests that Laverana includes the same provision in all of its export partner contracts. *See* 1999 Contract, Dkt 19-1, p.7. In fact, Laverana represented to LSC's owner Uli Jacob at the time of negotiation that the 2008 Agreement was a form contract that it was requiring all its export partners to sign. Supplemental Declaration of Uli Jacob.

[3] The English language translation of this case provided by Laverana, which unfortunately is very poor, provides in relevant part as follows: "To get the same result, when one applies the benefit of the Bekl. [defendant] obscurities regulation BGB of the section 305C, which cast doubt on the contents of the clause to the detriment of the General Terms and Conditions-user must go." Dkt 22-1, p. 27. Google translate provides the following translation of the relevant portion of the decision, which sheds more light on its meaning: "The same result is obtained if in favor of the defendant, the ambiguity provisions of § 305c BGB applies, according to which doubts about the content of the clause must be borne by the AGB-USERS." Google Translate (https://translate.google.com/?hl=en&tab=TT) (last accessed May 20, 2014).

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  prepared" the general business terms." *Id.*, ¶ 3(a).  The decision he relies upon, however, Federal

2  Court of Justice, No. VIII ZR 113/71, was rendered in 1972 – before enactment of the standards

3  terms and conditions act, now codified in German law.  *Id.*

4  The other cases he cites turn on their specific facts, and/or are otherwise distinguishable.

5  *See* Federal Court of Justice No. XI ZR 34/96 (Dkt 22-1. Ex. 3) (court weighted interests of the

6  parties noting that the party opposing enforcement of clause specifying venue in Yugoslavia was

7  not harmed by enforcement because was a Yugoslav national[4]); Court of Appeals Schleswig, No.

8  2 W 80/06 (applied rule of *contra proferentem,* see note 2 *supra*); Court of Appeals Bamberg, No.

9  10 U 302/87 (Swiss plaintiff filed suit in Germany and German defendant sought to rely upon

10  forum-selection clause specifying Swiss courts); Court of Appeals Düsseldorf, No. U 93/89 (clause

11  at issue specified "the place of destination" and jurisdiction, indicating exclusivity, and contract

12  was to be carried out in the jurisdiction selected, unlike in the present case).

13  For all the reasons discussed in LSC's reply brief – and, in particular because of the lack of

14  language specifying exclusivity – the forum-selection clause is at least ambiguous.  Accordingly,

15  / /

16  / /

17  / /

18  / /

19  / /

20  / /

21  / /

---

23  [4] The English language translation provided by Laverana is erroneous in the relevant part, stating that the party "did not have Yugoslav nationality."  Dkt 22-1, p. 18.  The correct translation of this portion of the
24  decision is that the party "still" had Yugoslav nationality.  ("Auch die Interessen der Kl., die bei Abschluß der Gerichtsstandsvereinbarung noch die jugoslawische Staatsangehorigkeit besaß, stehen dem nicht
25  entgegen.").

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 7

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  Germany's codified law of standard terms and conditions governs, and the clause must therefore be

2  construed against Laverana.  This Court should retain jurisdiction.

3       Dated this 21st day of May, 2014.

                                    CORR CRONIN MICHELSON
                                    BAUMGARDNER & PREECE LLP

                                    */s/ Guy P. Michelson*
                                    Guy P. Michelson, WSBA No. 7017
                                    Seann C. Colgan, WSBA No. 38769
                                    1001 Fourth Avenue, Ste. 3900
                                    Seattle, Washington 98154
                                    Tel: 206-625-8600 Fax: 206-625-0900
                                    Email: gmichelson@corrcronin.com
                                                 scolgan@corrcronin.com

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 8

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

CERTIFICATE OF SERVICE

I certify that on May 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record for the parties.

*s/Leslie Nims*_____
Leslie Nims

LAVERA SKIN CARE NORTH AMERICA, INC.'S
SURREPLY – 9

996 03 ee1958386k

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900